IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LBS INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| BERROCO, INC.; MIRAGE FLOORING, | § | |
| INC. AND BOA-FRANC, INC.; | § | |
| CLARK EQUIPMENT COMPANY D/B/A | § | |
| BOBCAT COMPANY AND DOOSAN | § | Civil Action No. 2:14-cv-706 |
| INFRACORE INTERNATIONAL, INC.; | § | |
| DISCOUNT TIRE CO., INC.; | § | Jury Trial Demanded |
| PEP BOYS – MANNY, MOE & JACK OF | § | |
| DELAWARE, INC.; | § | |
| PIZZERIA UNO CORPORATION; | § | |
| RAIN BIRD CORPORATION; | § | |
| TRANSWORLD ENTERTAINMENT | § | |
| CORPORATION D/B/A FYE; AND | § | |
| UMB BANK, N.A. | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF LBS INNOVATIONS, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff LBS Innovations, LLC files this Complaint against Berroco, Inc. ("Berroco"); Mirage Flooring, Inc. and Boa-Franc, Inc. ("Mirage Floors"); Clark Equipment Company d/b/a Bobcat Company and Doosan Infracore International, Inc. (collectively, "Bobcat"); Discount Tire Co., Inc. ("Discount Tire"); Pep Boys - Manny, Moe & Jack of Delaware, Inc. ("Pep Boys"); Pizzeria Uno Corporation ("Pizzeria Uno"); Rain Bird Corporation ("Rain Bird"); Transworld Entertainment Corporation d/b/a FYE ("FYE"); and UMB Bank, n.a. ("UMB") (collectively, "Defendants") and allege as follows:

## PARTIES

1.      Plaintiff LBS Innovations, LLC ("LBSI") is a Texas Limited Liability Company with its principal place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

2.      Upon information and belief, Defendant Berroco is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business located at 1 Tupperware Drive, Suite #4, North Smithfield, Rhode Island 02896. Berroco may be served with process through its registered agent, George Tetler, III, 311 Main Street, Worcester, Massachusetts 16808.

3.      Upon information and belief, Defendant Mirage Flooring, Inc. is a corporation organized and existing under the laws of Delaware, and authorized to do business in the State of Texas, with its principal place of business located at 17060 Dallas Parkway, Suite 212, Dallas, Texas 75248. Mirage Flooring, Inc. may be served with process through CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Boa-Franc is a corporation organized and existing under the laws of Quebec, Canada, with its principal place of business located at 1255, 98e Rue, Saint-Georges, (Quebec) Canada G5Y 8J5. Boa-Franc may be served with process through the Quebec Central Authority pursuant to the Hague Convention.

4.      Upon information and belief, Defendant Clark Equipment Company d/b/a Bobcat Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 250 E. Beaton Drive, West Fargo, North Dakota 58078. Clark Equipment Company d/b/a Bobcat Company may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Upon information and belief, Defendant Doosan Infracore International, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of

business located at 400 Perimeter Center Terrace, Suite 750, Atlanta, Georgia 30346. Doosan Infracore International, Inc. may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

5. Upon information and belief, Defendant Discount Tire is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located at 20225 North Scottsdale Road, Scottsdale, Arizona 85255. Discount Tire may be served with process through its registered agent, CT Corporation System, 2390 Camelback Road, Scottsdale, Arizona 85016.

6. Upon information and belief, Defendant Pep Boys is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3111 W. Allegheny Avenue, Philadelphia, Pennsylvania 19132. Pep Boys may be served with process through its registered agent, The Prentice Hall Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Upon information and belief, Defendant Pizzeria Uno is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Charles Park Road, West Roxbury, Massachusetts 02132. Pizzeria Uno may be served with process through its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

8. Upon information and belief, Defendant Rain Bird is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 970 West Sierra Madre Avenue, Suite DIS3, Azusa, California 91702. Rain Bird may be served with process through its registered agent, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

9. Upon information and belief, Defendant FYE is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 38 Corporate Circle, Albany, New York 12203. FYE may be served with process through its registered agent, Robert J. Higgins, 38 Corporate Circle, Albany, New York 12203.

10. Upon information and belief, Defendant UMB is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located at 1010 Grand Boulevard, Kansas City, Missouri 64106. UMB may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## BACKGROUND

11. On information and belief, Defendant Berroco engages in electronic commerce conducted on and using at least, but not limited to, the website www.berroco.com.

12. On information and belief, Defendant Berroco owns, operates, and/or directs the operation of the website www.berroco.com, which has a location interface at, for example, http://www.berroco.com/store-locator.

13. On information and belief, Defendant Berroco has tested and/or used the website www.berroco.com and its location interface at, for example, http://www.berroco.com/store-locator.

14. Defendant Berroco currently provides and/or has provided website visitors ("Berroco End Users") access to its site, www.berroco.com, including its location interface at, for example, http://www.berroco.com/store-locator.

15. Defendant Berroco directs Berroco End Users to operate the location interface of its website, www.berroco.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

16. On information and belief, Defendant Mirage Floors engages in electronic commerce conducted on and using at least, but not limited to, the website http://miragefloors.com/ENG/.

17. On information and belief, Defendant Mirage Floors owns, operates, and/or directs the operation of the website http://miragefloors.com/ENG/, which has a location interface at, for example, http://miragefloors.com/ENG/where-to-buy.php.

18. On information and belief, Defendant Mirage Floors has tested and/or used the website http://miragefloors.com/ENG/ and its location interface at, for example, http://miragefloors.com/ENG/where-to-buy.php.

19. Defendant Mirage Floors currently provides and/or has provided website visitors ("Mirage Floors End Users") access to its site, http://miragefloors.com/ENG/, including its location interface at, for example, http://miragefloors.com/ENG/where-to-buy.php.

20. Defendant Mirage Floors directs Mirage Floors End Users to operate the location interface of its website, http://miragefloors.com/ENG/, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

21. On information and belief, Defendant Bobcat engages in electronic commerce conducted on and using at least, but not limited to, the website www.bobcat.com.

22. On information and belief, Defendant Bobcat owns, operates, and/or directs the operation of the website www.bobcat.com, which has a location interface at, for example, http://bobcat.know-where.com/bobcat/.

23. On information and belief, Defendant Bobcat has tested and/or used the website www.bobcat.com and its location interface at, for example, http://bobcat.know-where.com/bobcat/.

24. Defendant Bobcat currently provides and/or has provided website visitors ("Bobcat End Users") access to its site, www.bobcat.com, including its location interface at, for example, http://bobcat.know-where.com/bobcat/.

25. Defendant Bobcat directs Bobcat End Users to operate the location interface of its website, www.bobcat.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

26. On information and belief, Defendant Discount Tire engages in electronic commerce conducted on and using at least, but not limited to, the website www.discounttire.com/.

27. On information and belief, Defendant Discount Tire owns, operates, and/or directs the operation of the website www.discounttire.com/, which has a location interface at, for example, http://dt.know-where.com/DiscountTire/.

28. On information and belief, Defendant Discount Tire has tested and/or used the website www.discounttire.com/ and its location interface at, for example, http://dt.know-where.com/DiscountTire/.

29. Defendant Discount Tire currently provides and/or has provided website visitors ("Discount Tire End Users") access to its site, www.discounttire.com/, including its location interface at, for example, http://dt.know-where.com/DiscountTire/.

30. Defendant Discount Tire directs Discount Tire End Users to operate the location interface of its website, www.discounttire.com/, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

31. On information and belief, Defendant Pep Boys engages in electronic commerce conducted on and using at least, but not limited to, the website www.pepboys.com.

32. On information and belief, Defendant Pep Boys owns, operates, and/or directs the operation of the website www.pepboys.com, which has a location interface at, for example, http://storelocator.pepboys.com/pepboys/.

33. On information and belief, Defendant Pep Boys has tested and/or used the website www.pepboys.com and its location interface at, for example, http://storelocator.pepboys.com/pepboys/.

34. Defendant Pep Boys currently provides and/or has provided website visitors ("Pep Boys End Users") access to its site, www.pepboys.com, including its location interface at, for example, http://storelocator.pepboys.com/pepboys/.

35. Defendant Pep Boys directs Pep Boys End Users to operate the location interface of its website, www.pepboys.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

36. On information and belief, Defendant Pizzeria Uno engages in electronic commerce conducted on and using at least, but not limited to, the website www.unos.com.

37. On information and belief, Defendant Pizzeria Uno owns, operates, and/or directs the operation of the website www.unos.com, which has a location interface at, for example, http://uno.know-where.com/pizzeria/.

38. On information and belief, Defendant Pizzeria Uno has tested and/or used the website www.unos.com and its location interface at, for example, http://uno.know-where.com/pizzeria/.

39. Defendant Pizzeria Uno currently provides and/or has provided website visitors ("Pizzeria Uno End Users") access to its site, www.unos.com, including its location interface at, for example, http://uno.know-where.com/pizzeria/.

40. Defendant Pizzeria Uno directs Pizzeria Uno End Users to operate the location interface of its website, www.unos.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

41. On information and belief, Defendant Rain Bird engages in electronic commerce conducted on and using at least, but not limited to, the website www.rainbird.com.

42. On information and belief, Defendant Rain Bird owns, operates, and/or directs the operation of the website www.rainbird.com, which has a location interface at, for example, http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=D; http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=T; and http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=A.

43. On information and belief, Defendant Rain Bird has tested and/or used the website www.rainbird.com and its location interface at, for example, http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=D; http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=T; and http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=A.

44. Defendant Rain Bird currently provides and/or has provided website visitors ("Rain Bird End Users") access to its site, www.rainbird.com, including its location interface at, for example, http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=D; http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=T; and http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=A.

45. Defendant Rain Bird directs Rain Bird End Users to operate the location interface of its website, www.rainbird.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

46. On information and belief, Defendant FYE engages in electronic commerce conducted on and using at least, but not limited to, the website www.fye.com.

47. On information and belief, Defendant FYE owns, operates, and/or directs the operation of the website www.fye.com, which has a location interface at, for example, http://www.fye.com/stores/fye/store-locator.jsp.

48. On information and belief, Defendant FYE has tested and/or used the website www.fye.com, and its location interface at, for example, http://www.fye.com/stores/fye/store-locator.jsp.

49. Defendant FYE currently provides and/or has provided website visitors ("FYE End Users") access to its site, www.fye.com, including its location interface at, for example, http://www.fye.com/stores/fye/store-locator.jsp.

50. Defendant FYE directs FYE End Users to operate the location interface of its website, www.fye.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

51. On information and belief, Defendant UMB engages in electronic commerce conducted on and using at least, but not limited to, the website www.umb.com.

52. On information and belief, Defendant UMB owns, operates, and/or directs the operation of the website www.umb.com, which has a location interface at, for example, http://umb.know-where.com/umb/.

53. On information and belief, Defendant UMB has tested and/or used the website www.umb.com and its location interface at, for example, http://umb.know-where.com/umb/.

54. Defendant UMB currently provides and/or has provided website visitors ("UMB End Users") access to its site, www.umb.com, including its location interface at, for example, http://umb.know-where.com/umb/.

55. Defendant UMB directs UMB End Users to operate the location interface of its website, www.umb.com, for example, by providing links and directions to its location interface as well as instructions on its proper use and operation.

## JURISDICTION AND VENUE

56. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

57. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

58. Upon information and belief, each of the Defendants is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; and/or (b) has designated an agent for service of process in the State of Texas; and/or (c) is engaged in continuous and systematic activities in the State of Texas; and/or (b) has committed acts of infringement in the State of Texas as alleged below. Therefore, this Court has personal jurisdiction over each of the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042.

59. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each of the Defendants has a regular and established place of business in

this district, and/or has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## THE PATENT-IN-SUIT

60. On July 18, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,091,956 ("the '956 Patent") entitled "Situation Information System," a true copy of which is attached as Exhibit A.

61. LBSI is the owner by assignment of the '956 Patent and owns all right, title and interest in the '956 Patent, including the right to sue for and recover all past, present and future damages for infringement of the '956 Patent.

## CLAIM 1 -- INFRINGEMENT OF U.S. PATENT NO. 6,091,956

62. Defendant Berroco has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website www.berroco.com, which has a location interface available at, for example, http://www.berroco.com/store-locator, and other related and/or similar webpages.

63. In addition and/or in the alternative, Berroco has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Berroco End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Berroco induces such infringement by at least making its website available to Berroco End Users and providing links and/or other directions on its website and/or the Internet for Berroco End Users to visit, download, and/or use the infringing instrumentalities.

64. Berroco engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Berroco End Users to directly infringe the '956 Patent.

65. Defendant Mirage Floors has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://miragefloors.com/ENG/, which has a location interface at, for example, http://miragefloors.com/ENG/where-to-buy.php, and other related and/or similar webpages.

66. In addition and/or in the alternative, Mirage Floors has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Mirage Floors End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Mirage Floors induces such infringement by at least making its website available to Mirage Floors End Users and providing links and/or other directions on its website and/or the Internet for Mirage Floors End Users to visit, download, and/or use the infringing instrumentalities.

67. Mirage Floors engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Mirage Floors End Users to directly infringe the '956 Patent.

68. Defendant Bobcat has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the

computer implemented website www.bobcat.com, which has a location interface available at, for example http://bobcat.know-where.com/bobcat/, and other related and/or similar webpages.

69. In addition and/or in the alternative, Bobcat has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Bobcat End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Bobcat induces such infringement by at least making its website available to Bobcat End Users and providing links and/or other directions on its website and/or the Internet for Bobcat End Users to visit, download, and/or use the infringing instrumentalities.

70. Bobcat engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Bobcat End Users to directly infringe the '956 Patent.

71. Defendant Discount Tire has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.discounttire.com/, which has a location interface available at, for example http://dt.know-where.com/DiscountTire/, and other related and/or similar webpages.

72. In addition and/or in the alternative, Discount Tire has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Discount Tire End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Discount Tire induces such infringement by at least making its website available to Discount Tire End Users and providing links and/or other directions on its

website and/or the Internet for Discount Tire End Users to visit, download, and/or use the infringing instrumentalities.

73. Discount Tire engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Discount Tire End Users to directly infringe the '956 Patent.

74. Defendant Pep Boys has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.pepboys.com/, which has a location interface available at, for example http://storelocator.pepboys.com/pepboys/, and other related and/or similar webpages.

75. In addition and/or in the alternative, Pep Boys has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Pep Boys End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Pep Boys induces such infringement by at least making its website available to Pep Boys End Users and providing links and/or other directions on its website and/or the Internet for Pep Boys End Users to visit, download, and/or use the infringing instrumentalities.

76. Pep Boys engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Pep Boys End Users to directly infringe the '956 Patent.

77. Defendant Pizzeria Uno has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as

the computer implemented website http://www.unos.com/, which has a location interface available at, for example http://uno.know-where.com/pizzeria/, and other related and/or similar webpages.

78. In addition and/or in the alternative, Pizzeria Uno has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. Pizzeria Uno induces such infringement by at least making its website available to End Users and providing links and/or other directions on its website and/or the Internet for End Users to visit, download, and/or use the infringing instrumentalities.

79. Pizzeria Uno engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces End Users to directly infringe the '956 Patent.

80. Defendant Rain Bird has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.rainbird.com/, which has a location interface available at, for example, http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=D; http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=T; and http://rainbird.know-where.com/rainbird/cgi/index?mapid=US&option=A, and other related and/or similar webpages.

81. In addition and/or in the alternative, Rain Bird has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing Rain Bird End Users to directly infringe the '956 Patent through their use of the infringing

instrumentalities. Rain Bird induces such infringement by at least making its website available to Rain Bird End Users and providing links and/or other directions on its website and/or the Internet for Rain Bird End Users to visit, download, and/or use the infringing instrumentalities.

82. Rain Bird engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces Rain Bird End Users to directly infringe the '956 Patent.

83. Defendant FYE has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or selling, in the United States, location information computer systems and methods such as the computer implemented website http://www.fye.com/ which has a location interface available at, for example http://www.fye.com/stores/fye/store-locator.jsp, and other related and/or similar webpages.

84. In addition and/or in the alternative, FYE has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing FYE End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. FYE induces such infringement by at least making its website available to FYE End Users and providing links and/or other directions on its website and/or the Internet for FYE End Users to visit, download, and/or use the infringing instrumentalities.

85. FYE engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces FYE End Users to directly infringe the '956 Patent.

86. Defendant UMB has been and is now directly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (a), by making, using, offering to sell and/or

selling, in the United States, location information computer systems and methods such as the computer implemented website https://www.umb.com, which has a location interface available at, for example http://umb.know-where.com/umb/, and other related and/or similar webpages.

87. In addition and/or in the alternative, UMB has been and/or is now indirectly infringing one or more claims of the '956 Patent in violation of 35 U.S.C. § 271 (b), by inducing UMB End Users to directly infringe the '956 Patent through their use of the infringing instrumentalities. UMB induces such infringement by at least making its website available to UMB End Users and providing links and/or other directions on its website and/or the Internet for UMB End Users to visit, download, and/or use the infringing instrumentalities.

88. UMB engages in such activities knowingly and, at least from the time of receipt of the present Complaint, has done so with the knowledge that such activity induces UMB End Users to directly infringe the '956 Patent.

89. Each of the above named Defendants has used and/or currently uses a business locator service provided by Know-Where Systems, Inc. ("Know-Where Systems") in connection with its respective location interface.

90. Because of their use of the business locator service provided by Know-Where Systems in connection with their respective location interface, Defendants' actions are part of the same transaction, occurrence, or series of transactions or occurrences and there is a logical relationship between the claims asserted against the Defendants such that there is substantial evidentiary overlap in the facts giving rise to the cause of action against each Defendant.

91. As a direct and proximate consequence of the acts and practices of each of the Defendants in infringing, directly and/or indirectly, one or more claims of the '956 Patent, LBSI

has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

92. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to LBSI.

## DEMAND FOR JURY TRIAL

93. LBSI, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, LBSI requests entry of judgment that:

1. Defendants have infringed the patent-in-suit;

2. Defendants account for and pay to Plaintiff all damages caused by their respective infringement of the patent-in-suit; and

3. Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. Costs be awarded to Plaintiff; and

5. Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 24, 2014                                Respectfully submitted,

                   **BUETHER JOE & CARPENTER, LLC**

                 By: */s/ Christopher M. Joe*
                    Christopher M. Joe (Lead Counsel)
                    State Bar No. 00787770
                    Chris.Joe@BJCIPLaw.com
                    Eric W. Buether
                    State Bar No. 03316880
                    Eric.Buether@BJCIPLaw.com
                    Brian A. Carpenter
                    State Bar No. 03840600
                    Brian.Carpenter@BJCIPLaw.com
                    Niky Bukovcan
                    State Bar No. 24078287
                    Niky.Bukovcan@BJCIPLaw.com

                    1700 Pacific Avenue
                    Suite 4750
                    Dallas, Texas 75201
                    Telephone: (214) 466-1272
                    Facsimile: (214) 635-1828

               **ATTORNEYS FOR PLAINTIFF**
               **LBS INNOVATIONS, LLC**